IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| IN RE: | * | |
| ANNA ZHEN | * | Case No. 20-19795-LSS |
| | | (Chapter 7) |
| Debtor | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MICHAEL G. WOLFF, TRUSTEE | * | |
| 15245 Shady Grove Road, | | |
| Suite 465 | * | |
| Rockville, Maryland 20850 | | |
| | * | |
| Plaintiff | | |
| | * | |
| v. | | Adversary No. 21-_____-LSS |
| | * | |
| 13913 WILLARD ROAD, L.L.C. | | |
| Suite 200 | * | |
| 4919 Bethesda Road | | |
| Bethesda, Maryland 20814 | * | |
| | | |
| Serve:  David C. Smith, Resident Agent | * | |
|           Suite 200 | | |
|           4919 Bethesda Road | * | |
|           Bethesda, Maryland 20814 | | |
| | * | |
| Defendant | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>COMPLAINT TO AVOID AND PRESERVE JUDGMENT LIEN</u>

MICHAEL G. WOLFF (the "Trustee"), the Chapter 7 Trustee for the Bankruptcy Estate of Anna Zhen (the "Debtor"), by JEFFREY M. ORENSTEIN and WOLFF & ORENSTEIN, LLC, pursuant to 11 U.S.C. §§ 547, 550, AND 551, files this Complaint against 13913 Willard Road, L.L.C., ("Defendant") seeking to avoid a transfer of the Debtor's interest in real property identified as 11721 Brookeville Landing Court, Bowie, Maryland 20721 (the "Property"), to and recover the

trustee\zhen\13913\pleading\complaint

avoided interest in the Property, and to preserve the lien for the benefit of the Debtor's estate. In support of his claims, Plaintiff states as follows:

## PARTIES AND JURISDICTION

1. This is an adversary proceeding brought pursuant to Rule 7001 of the Bankruptcy Rules.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157; 11 U.S.C. §§ 547, 550 and 551, and Rule 7001 of the Bankruptcy Rules.

3. This contested matter is a core proceeding as defined by 28 U.S.C. § 157.

4. On November 3, 2020 (the "Petition Date") the Debtor filed her Voluntary Petition (the "Petition") under Chapter 7.

5. Thereafter, Plaintiff was appointed to serve as the Chapter 7 Trustee of the Debtor's Estate and continues to serve in that capacity.

6. Defendant is a limited liability company organized under the laws of the State of Maryland with its principal place of business located in the State of Maryland.

## LOCAL RULE 7012-1(b) STATEMENT

7. Pursuant to Local Rule 7012-1(b), Plaintiff hereby states that he consents to the entry of final orders or judgments by the Bankruptcy Judge.

## FACTUAL BACKGROUND

8. Prior to the Petition Date, the Debtor was the owner of an entity known as Moge Tee Rockville, LLC ("MT Rockville").

9. MT Rockville entered into a commercial lease with Defendant in order to lease space owned by Defendant.

10. The Debtor guaranteed MT Rockville's obligations under the lease.

11. MT Rockville was unable to pay the rents as they came due to Defendant.

12. Thereafter, on July 11, 2019, Defendant filed suit against MT Rockville and the Debtor in the Circuit Court for Montgomery County, Maryland in the case captioned <u>13913 Willard Road, L.L.C. v. Moge Tee Rockville, LLC, et al.</u>; Case No. 469447V (the "Montgomery Case").

13. On June 10, 2020, a Judgment was entered in the Montgomery Case in favor of Defendant and against the Debtor and MT Rockville in the amount of $ $150,252.45 (the "Judgment").

14. On August 26, 2020, Defendant requested that a certified copy of the Judgment be transmitted to the Circuit Court for Prince George's County, Maryland.

15. On August 28, 2020, a certified copy of the Judgment was mailed to the Circuit Court for Prince George's County, Maryland.

16. On September 4, 2020, a Line was filed in the Circuit Court for Prince George's County, Maryland seeking the recordation of the Judgment in the Circuit Court for Prince George's County, Maryland.

17. On September 8, 2020, the Judgment was recorded in the Circuit Court for Prince George's Country, Maryland in the case captioned <u>13913 Willard Road, L.L.C. v. Moge Tee, et al.</u>; Case No. CAL2015321 (the "PG Case").

18. Upon the recording of the Judgment in the PG Case, the Judgment became a lien on the Property, located in Prince George's County, as a matter of law.

19. The lien constitutes a transfer of an interest in the Property from the Debtor to the Defendant.

20. Included among the body of creditors in the Debtor's bankruptcy case are numerous creditors holding unsecured claims allowable under 11 U.S.C. §502, or disallowable only under 11 U.S.C. §502(e).

21. Based upon Plaintiff's analysis of the obligations owed by the Debtor and the assets and claims maintained by the estate, creditors holding general unsecured claims against the estate will not be paid in full in this bankruptcy case.

22. But for the recordation of the Judgment in the Circuit Court for Prince George's County, Maryland, and the creation of the lien against the Property, Defendant would have held a general unsecured claim against the Debtor's estate.

23. Based upon the value of the Property and the extent of the existing liens against the Property, the Judgment would allow Defendant to be paid from the proceeds of any sale of the Property at closing of such sale and before the Debtor's general unsecured creditors wold receive anything.

24. The Judgment lien was obtained less than ninety days prior to the Petition Date.

25. As evidenced by the Debtor's Schedules and Statement of Financial Affairs, the Debtor was insolvent at the time the Judgment lien was obtained.

COUNT 1
Avoidance of Transfer (11 U.S.C. §547)

26. Plaintiff realleges and incorporates by reference Paragraphs 1 through 25 as if fully set forth herein.

27.	11 U.S.C. §547 states in pertinent part:

>	(b) Except as provided in subsection (C) and (I) of this section, the Trustee may avoid any transfer of an interest of the debtor in property–
>
>	(1) to or for the benefit of a creditor;
>
>	(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
>	(3) made while the debtor was insolvent;
>
>	(4) made–
>		(A) on or within 90 days before the date of the filing of the petition; or
>		(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
>	(5) that enables such creditor to receive more than such creditor would if–
>		(A) the case were a case under Chapter 7 of this title;
>		(B) the transfer had not been made; and
>		(C) such creditor received payment of such debt to the extend provided by the provisions of this title.

28.	The creation of the lien on the Property, which resulted from the recordation of the Judgment in the Circuit Court for Prince George's County, Maryland, was a transfer of an interest in the Debtor's Property.

29.	The lien on the Property, which resulted from the recordation of the Judgment in the Circuit Court for Prince George's County, Maryland was created for the benefit of the Defendant.

30.	The lien on the Property, which resulted from the recordation of the Judgment in the Circuit Court for Prince George's County, Maryland, was obtained for or on account of an antecedent debt owed by the Debtor to Defendant before such transfer was made.

31.     The lien on the Property, which resulted from the recordation of the Judgment in the Circuit Court for Prince George's County, Maryland was obtained while the Debtor was insolvent.

32.     The lien on the Property, which resulted from the recordation of the Judgment in the Circuit Court for Prince George's County, Maryland, was obtained within ninety days before the date of the filing of the Debtor's Petition.

33.     The creation of the lien on the Property, which resulted from the recordation of the Judgment in the Circuit Court for Prince George's County, Maryland, caused Defendant to be able to receive more than it would have otherwise been able to receive if the Debtor's case was a case under Chapter 7 and the transfer of an interest in the Property had not been made.

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court:

A.     Enter Judgment in favor of Plaintiff and against Defendant as to Count I of Plaintiff's Complaint;

B.     Avoid the transfer of the Debtor's interest in the Property to Defendant; and

C.     Grant such other and further relief as the nature of this cause requires.

## COUNT I1
Recovery of Avoided Transfer and Preservation of Lien (11 U.S.C. §§550 and 551)

34.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

35.     The lien was obtained for the benefit of the Defendant.

36.     Defendant is the initial transferee of the Debtor's interest in the Property.

37.     The Property is property of the estate.

WHEREFORE, Plaintiff demands the following relief:

A.   That this Court enter a judgment on Count II of Plaintiff's Complaint in favor of Plaintiff and against Defendant allowing Plaintiff to recover the interest in the Property transferred to Defendant as a result of the recordation of the Judgment;

B.   That the Judgment lien be preserved for the benefit of the Debtor's estate; and

C.   For such other and further relief as the nature of this cause may require.

Respectfully submitted,

\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#07512)
Wolff & Orenstein, LLC
Shady Grove Plaza
15245 Shady Grove Road, Suite 465
Rockville, Maryland  20850
(301) 250-7232
jorenstein@wolaw.com

Attorneys for Plaintiff